UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH ATLANTIC STATES CARPENTERS CENTRAL COLLECTION AGENCY, and the TRUSTEES of the NORTH ATLANTIC STATES CARPENTERS PENSION FUND, NORTH ATLANTIC STATES CARPENTERS GUARANTEED ANNUITY FUND, NORTH ATLANTIC STATES CARPENTERS HEALTH BENEFITS FUND, NORTH ATLANTIC STATES CARPENTERS VACATION SAVINGS FUND, and NORTH ATLANTIC STATES CARPENTERS TRAINING FUND,<br><br>      *Plaintiffs*,<br><br>v.<br><br>RISE CONSTRUCTION MANAGEMENT INC., JAMES GROSSMAN, DW RT ELLERY, LLC, and 86 ESSEX STREET LLC,<br><br>      *Defendants*. | Civil Action No.: |

## COMPLAINT

### NATURE OF ACTION

1. This is a contract action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by multiemployer benefit plans to enforce the obligation to pay fringe benefit contributions due to the plans under the terms of a collective bargaining agreement, plan documents, and a settlement agreement.

### JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over this matter pursuant to Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e), and (f), Section 4301(c) of ERISA, 29 U.S.C.

1

§1451(c), and concurrent jurisdiction pursuant to Sections 301(a), (b), and (c) of the LMRA, 29 U.S.C. §§85(a), (b), and (c), without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies in this district pursuant to Section 501(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), Section 4301(d) of ERISA, 29 U.S.C. §1451(d), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), because Plaintiffs are administered and operate in the Commonwealth of Massachusetts and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Commonwealth of Massachusetts.

4. A described in a settlement agreement, *infra*, the Defendants to this action previously agreed "that the United States District Court for the District of Massachusetts is the proper venue for and shall have jurisdiction over any action brought for the breach" of their agreement with the Plaintiffs in this matter.

## PARTIES

5. The New England-based local unions affiliated with the United Brotherhood of Carpenters & Joiners of America and the North Atlantic States Regional Council of Carpenters (collectively the "Union") are labor organizations as defined by Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

6. The North Atlantic States Carpenters Pension Fund, the North Atlantic States Carpenters Guaranteed Annuity Fund, the North Atlantic States Carpenters Health Benefits Fund, the North Atlantic States Carpenters Vacation Savings Fund, and the North Atlantic States Carpenters Training Fund (collectively the "Funds") are trusts established in accordance with Section 302(c) of the LMRA, 29 U.S.C. §186(c), "multi-employer plan[s]" within the meaning of

2

Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A), and employee pension benefit or welfare plans as defined by Section 3(2) of ERISA, 29 U.S.C. §1002(1-2).

7. The Funds are governed by the Plaintiff Trustees ("Trustees"), each of whom is a fiduciary to the plans as defined by Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Funds are administered at 350 Fordham Road, Wilmington, MA 01887.

8. Plaintiff North Atlantic States Carpenters Central Collection Agency (hereinafter the "NASCCCA") is an agency established by the North Atlantic States Carpenters Pension Fund. NASCCCA has a principal place of business at 350 Fordham Road, Wilmington, MA 01887.

9. Defendant RISE Construction Management, Inc. ("RISE") is a Massachusetts corporation with a principal place of business of 12 Ericsson Street, Boston, MA 02122. RISE's registered agent for service of process is James Grossman, of the same address.

10. Defendant DW RT ELLERY LLC ("ELLERY") is a Delaware limited liability corporation with a principal place of business of 301 Howard Street, Suite 2100, San Francisco, CA 94105. ELLERY's registered agent for service of process is C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

11. Defendant 86 Essex Street, LLC ("86 ESSEX") is a Massachusetts limited liability corporation with a principal place of business of 28 State Street, Boston MA 02109. 86 ESSEX's registered agent for service of process is HASLAW, INC., 28 State Street, Boston MA 02109

12. Defendant James Grossman ("Grossman") is the President, Treasurer, Secretary, CEO, and Director of RISE, a listed corporate officer of ELLERY, and a listed corporate officer of 86 ESSEX, with a personal address of 401 Morrissey Blvd, Boston, MA 02125.

13. Grossman is "a person[] authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property" as to RISE, ELLERY and 86 ESSEX as understood under Massachusetts General Laws, Chapter 156C, Section 12.

## FACTS

*Union Agreement With Northeast Framing, Inc.*

14. At all material times, Northeast Framing, Inc. ("Northeast") was a party to one or more successive collective bargaining agreements ("Agreements") with the Union.

15. The Agreements require signatory employers, such as Northeast, to make timely contributions to the Funds for every hour worked by covered employees within the territories defined by the Agreements. The Agreements specify the amount to be contributed by an employer to each of the Funds for each hour worked.

16. The Trustees of each of the Funds have authorized the NASCCCA to act as their agent to collect all monies due to the Funds by employers pursuant to their Agreements with the Union.

17. The Agreements also specify that working dues are to be deducted from the wages of each employee and forwarded to the Union. The Union has authorized the NASCCCA to collect all working dues monies due to it by employers pursuant to their Agreements with the Union.

18. The Trust Agreement of the North Atlantic States Carpenters Health Benefits Fund (the "Health Benefits Fund") provides that amounts that are due and owing to the Health Benefits Fund, but not yet paid, are assets of the Health Benefits Fund when they become due and owing, and that the title to such amounts is vested with the Trustees of the Health Benefits Fund.

19. The Trust Agreement of the North Atlantic States Carpenters Vacation Savings Fund (the "Vacation Savings Fund") provides that amounts that are due and owing to the Vacation

Savings Fund, but not yet paid, are assets of the Vacation Savings Fund when they become due and owing, and that title to such amounts is vested with the Trustees of the Vacation Savings Fund.

20. If an employer does not timely remit its required contributions to the Funds, the Agreements further provide that the employer is delinquent and, therefore, obligated to the Funds—in addition to the principal amount owed—for interest from the date when the payment was due, liquidated damages, and all costs and reasonable attorneys' fees expended by the Plaintiff Funds in any action to collect the delinquent contribution.

21. Signatory employers such as Northeast are obligated to submit regular remittance reports, in which they list the hours worked by their employees and calculate the amount of benefit contributions and working dues owed for all work performed by their employees. Employers are also required to submit to periodic and random audits of their books and records to verify the accuracy of their remittance reports.

22. At all relevant times, Northeast was bound to the Trust Agreement of the Health Benefits Funds and, as a result, all Northeast's due and owing contributions to the Health Benefits Fund were assets of the Health Benefits Fund.

23. At all relevant times, Northeast was bound to the Trust Agreement of the Vacation Savings Funds and, as a result, all Northeast due and owing contributions to the Vacation Savings Fund were assets of the Vacation Savings Fund.

*December 2023 Assumption of Liability by RISE and Grossman*

24. On or about December 19, 2023, the NASCCCA, Northeast, RISE, and the ELLERY, among other parties, executed a settlement agreement ("Settlement") concerning $1,165,630.05 in delinquent benefit contributions and interest owed by Northeast to the Funds for

the period March 2023, through March 2023. A copy of the executed Settlement is attached hereto as <u>Exhibit A</u>.

25. Under Paragraph C(1) of the Settlement, RISE and Grossman agreed, in relevant part, to jointly and severally, assume direct liability for $813,835.91 of Northeast's delinquent ERISA benefit contributions (hereafter, the "RISE Delinquency"), constituting for Northeast's reported benefit contributions for the weeks ending March 9, 2023, through August 30, 2023, inclusive.

26. Under Paragraph C(1)(b) of the Settlement, RISE and Grossman agreed, in relevant part, to timely issue payments in satisfaction of the RISE Delinquency in seven (7) installments, terminating on June 15, 2024.

27. As described further in the Settlement, RISE and Grossman assumed liability for the RISE Delinquency, because this portion of Northeast's ERISA benefit delinquency represented the amount accrued by Northeast employees performing covered work on RISE-owned and -managed projects, and RISE had failed to timely remit payment to Northeast as RISE's sub-contractor.

28. Under Paragraph C(1)(d-g) of the Settlement, ELLERY and 86 ESSEX, through Grossman as their agent, agreed to secure the RISE Delinquency by granting the NASCCCA, and its associated Funds, a secured equity interest in properties located at 86-92 Essex Street, Haverhill, MA, 01832 and 86-92 Essex Street, Haverhill, MA, 01832 (hereafter, the "Secured Properties") through the end of RISE's installment payments.

29. Under Paragraph C(3)(b) of the Settlement, RISE and Grossman also agreed that RISE would execute joint check agreements for all future work performed by Northeast on which RISE was responsible for issuing payment, with any payment rendered thereunder being sufficient

to cover all ERISA benefit contributions owed by Northeast for covered work performed during the preceding period since payment was last received.

30. Under Paragraph E of the Settlement, the failure of RISE and Grossman to fulfil any of its obligations under Paragraphs C(1) and/or C(3) constitutes material breach and entitles the NASCCCA to accelerate the entire RISE Delinquency, along with any additional amounts due, and demand immediate payment.

31. Under Paragraph E(6) of the Settlement, the failure of RISE and Grossman to cure a material breach under Paragraphs C(1) and/or C(3) upon demand makes the breaching party liable, jointly and severally, to the Funds, under either the Settlement, the ERISA, or both, for the remaining balance of any applicable delinquency, interest, liquidated damages, and reasonable attorney's fees and costs incurred in having to collect the remaining balance.

32. On or about January 2024, RISE and the NASCCCA executed a side letter to the Settlement (hereafter, "Side Letter") which modified the installment amounts of the Settlement-mandated payments but made no other changes. A copy of the Side Letter is attached hereto as <u>Exhibit B</u>.

<em>Material Breach by RISE and Grossman</em>

33. From on or about December 2023 through April 2024, RISE remitted payment of agreed-to amounts under the Settlement and the Side Letter of approximately $400,000.

34. From on or about February 2024 through the present, the NASCCCA repeatedly requested that Grossman execute documents formally granting the Funds' their security interest in the Secured Properties owned by ELLERY and 86 ESSEX.

35. From December 2023 through the present, RISE directly paid approximately $60,000 for covered work performed by Northeast after November 2023 on a RISE-managed project at the Encore Casino, but it did not otherwise execute or deliver any joint check agreements.

36. From May 2024 through the present, despite multiple demands, RISE has remitted no payments towards the RISE Delinquency.

37. From February 2024 through the present, despite multiple demands, Grossman has not executed documents on behalf of ELLERY and 86 ESSEX to grant the Funds' a security interest in the Secured Properties.

38. From December 2023 through the present, the RISE has not executed joint check agreements or otherwise remitted payment for additional work performed by Northeast on the Secured Properties, as well as covered work performed at 35 Braintree Street, Allston, MA 02134; 249 Corey Road, Boston, MA 02135; and other, unidentified projects. On information and belief, the amount owed for fringe benefits on these projects is an additional $231,577.73.

39. On or about July 3, 2024, the Plaintiffs, through counsel, notified RISE and Grossman that they were in material breach of the Settlement and demanded payment of all further amounts due. A copy of the Plaintiffs' notice of breach is attached hereto as Exhibit C.

40. As of July 21, 2024, RISE and Grossman have not tendered the remaining amounts due under the Settlement to the Plaintiffs, executed a joint check for other moneys due to the Funds from Northeast, or executed the security interest documents on behalf of 86 ESSEX and ELLERY.

41. Due due to their material breaches of the Settlement, RISE and Grossman owe at least $630,000 to the Funds in payments in satisfaction of the RISE Delinquency and amounts owed to Northeast under joint check agreements pursuant to the Settlement.

42. Due to their failure to cure their material breach in the seven business days after receiving notification by the Plaintiffs, in addition to any principal amount, RISE and Grossman are also liable for any interest, liquidated damages, and reasonable attorney's fees and costs incurred in having to collect the remaining balance.

43. The amounts owed by RISE consist of unpaid multiemployer benefit contributions which RISE assumed, as well as working dues deducted from employees' wages but not forwarded to the Union.

44. In sum, the Defendants owe a minimum of approximately $650,000 in assumed fringe benefit contributions to the Funds, plus additional unliquidated amounts, liquidated damages, interest, and legal fees and costs, which continue to accrue.

## COUNT I – VIOLATION OF LMRA

**(Violation of the LMRA)**

45. Plaintiffs incorporate by reference paragraphs 1-44, above.

46. The Agreements are a contract within the meaning of §301 of the LMRA.

47. By assuming responsibility for curing a defined portion of Northeast's multiemployer fringe benefit debt, RISE and Grossman, jointly and severally, assumed liability for Northeast's contractual obligations under the Agreements.

48. RISE and Grossman's failure to pay all contributions and interest owed on behalf of Northeast's covered employees and to remit all working dues deducted out of Northeast's employees' wages, violates the terms of the Agreements.

## COUNT II – VIOLATION OF ERISA

49. Plaintiffs incorporate by reference paragraphs 1-44, above.

50.     Absent an order from this Court, RISE will continue to refuse and fail to pay the delinquent contributions it owes to the Funds, and the Funds and their participants will be irreparably damaged.

51.     The failure of RISE to make payment of all delinquent contributions owed on behalf of all covered employees, as required by the Agreements, the Funds' trust documents, and the Settlement, violates §515 of ERISA, 29 U.S.C. §1145.

## COUNT III – BREACH OF FIDUCIARY DUTY

52.     Plaintiffs incorporate by reference paragraphs 1-44, above.

53.     Upon information and belief, Grossman has had, and continues to have, broad personal discretion and control over the decisions involving assets and spending practices of RISE, including payment of contributions due and owing to the Funds as part of the RISE Delinquency.

54.     Because of his broad personal discretion and control over the payment of contributions that became due and owing to the Funds, Grossman is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), with respect to the Health Benefits Fund concerning any unpaid amounts and is personally liable to the Health Benefits Fund for any resulting losses, 29 U.S.C. §1109(a).

55.     Because of his broad personal discretion and control over the payment of contributions that became due and owing to the Funds, Grossman is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), with respect to the Vacation Savings Fund concerning any unpaid amounts and is personally liable to the Vacation Savings Fund for any resulting losses, 29 U.S.C. §1109(a).

56. Upon information and belief, at all times relevant to this action, Grossman decided to withhold payment of contributions that were due and owing to the Health Benefits Fund and to the Vacation Savings Fund, and to allocate those assets to other financial obligations of RISE.

57. By making decisions to withhold payment of amounts that were, and are, due and owing to the Health Benefits Fund and the Vacation Savings Fund, RISE breached his fiduciary duty to the Health Benefits Fund and the Vacation Savings Fund.

## COUNT IV – BREACH OF CONTRACT

58. Plaintiffs incorporate by reference paragraphs 1-44, above.

59. RISE and Grossman made the Settlement with the NASCCCA under which it agreed to timely render certain installment payments thereunder in satisfaction of the RISE Delinquency to the NASCCCA for due and owing benefit contributions; execute joint check agreements for payment of additional due and owing benefit contributions on behalf of Northeast; and grant an interested in the Secured Property to the NASCCCA and its Funds.

60. At all relevant times, the NASCCCA has been ready, able, and willing to perform its obligations under the Settlement.

61. RISE and Grossman have materially breached the parties' agreement, as the term is understood in Paragraph E of the Settlement.

62. As a result of RISE and Grossman's breaches, the NASCCCA has suffered and continues to suffer damage from their failure to satisfy the RISE Delinquency, remit additional money on behalf of Northeast via joint check agreements, and execute documents securing the debt owed by RISE and Grossman to the Funds.

63. Per the Settlement, agreed that in the event of its material breach, they would, jointly and severally, be obligated to pay any remaining balance obligation thereunder, plus additional penalties.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Enter a preliminary and permanent injunction enjoining Defendants. from refusing or failing to make payment of fringe benefit contributions and working dues towards the RISE Delinquency; and

b. Enter judgment in favor of the Plaintiff Funds on Count I against Defendants for all contributions and working dues owed through the present, together with any additional amounts determined by the Court to be owed the Funds or the Union which may become due during the pendency of this action; and

c. Enter judgment in favor of the Plaintiff Funds on Count II against Defendants for all benefit contributions owed through the present which are attributable to them, together with any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, plus statutory remedies, pursuant to 29 U.S.C. §1132(g)(2); and

d. Enter judgement in favor of the Plaintiff Funds on Count III against Defendant James Grossman for delinquent contributions due to the Health Benefits Fund and the Vacation Savings Fund, plus statutory remedies per ERISA, 29 U.S.C. Section 1132(g); and

e. Enter judgement in favor of the Plaintiff Funds on Count IV against Defendants for material breach of the parties' Settlement Agreement, award the Plaintiffs their contractual damages under the Settlement, and hold Defendants joint and severally liable for any such award; and

f. Order the attachment of unexempt real property, including machinery, inventory, vehicles, equipment, and accounts receivable, of Defendants up to an amount necessary to satisfy the amounts owed to the Plaintiffs in this matter; and

g. Order the sale of all assets under the control of the Defendant DW RT Ellery LLC and 86 Essex LLC, as described in the Settlement Agreement, in satisfaction of the any amount awarded to the Funds from Defendants; and

h. Such further and other relief as this Court may deem appropriate.

Dated: August 6, 2024

Respectfully submitted,

On behalf of the Plaintiffs,

By their attorney,

*/s/ Carey D. Shockey*
Carey D. Shockey, BBO #704164
Thomas R. Landry, BBO #625004
Krakow, Souris & Landry, LLC
90 Canal Street, 4th Floor
Boston, MA 02114
P: (617) 723-8440
cshockey@krakowsouris.com